IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MOUNTAINEER GUN SALES, LLC,**

    **Petitioner,**

**v.**　　　　　　　　　　　**// CIVIL ACTION NO. 1:11CV200**
　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**BUREAU OF ALCOHOL, TOBACCO,**
**FIREARMS & EXPLOSIVES,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

During a hearing on January 18, 2012, the Court heard oral argument on the motion to dismiss filed by the respondent, Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and on the motions to amend its complaint and to stay the revocation of its license or, in the alternative, for a preliminary injunction filed by the petitioner, Mountaineer Gun Sales, LLC ("Mountaineer"). For the reasons stated on the record and those discussed below, the Court **GRANTS** ATF's motion to dismiss (dkt. no. 12). Alternatively, it **DENIES** Mountaineer's motion to stay or for a preliminary injunction (dkt. no. 9), and **DENIES AS MOOT** Mountaineer's motion to amend its complaint (dkt. no. 8).

**I.**

Mountaineer was a federal firearms licensee operating in Morgantown, West Virginia. From March 22, 2011 to April 5, 2011, an

## MEMORANDUM OPINION AND ORDER

ATF investigator conducted a compliance inspection of Mountaineer. As a result of that inspection, and pursuant to 18 U.S.C. §§ 923(d)(1)(D) and 923(e) and 27 C.F.R. §§ 478.47(b)(4) and 478.73, ATF revoked Mountaineer's federal firearm license ("FFL"). Specifically, ATF found that Mountaineer had willfully failed to disclose material information in its ATF Form 7 application for the FFL submitted on March 30, 2008 (the "application").

Although that application required Mountaineer to list all owners, partners, and other responsible persons in the business, Mountaineer reported only one person, Mark Walsh. The ATF investigator determined that Mark Walsh's wife, Teresa Walsh (formerly Teresa Snyder), was also an owner and responsible person with respect to the purchase and sale of firearms and that Mountaineer had intentionally failed to list her on the application. He concluded that this intentional omission constituted a willful failure to disclose material information in violation of 18 U.S.C. § 923(d)(1)(D).

On June 16, 2011, David D. Johansen, Director of Industry Operations for ATF's Louisville, Kentucky Field Divisions ("Johansen"), sent Mountaineer the results of ATF's inspection and issued a notice, pursuant to 18 U.S.C. § 923(f)(1), that its

license would be revoked effective July 15, 2011. Pursuant to 18 U.S.C. § 923(f)(2), Mountaineer sent ATF a letter on June 29, 2011 requesting a hearing to review the revocation. ATF responded on August 4, 2011, scheduling a hearing for September 27, 2011. On September 23rd, however, Mountaineer sent a second letter to ATF withdrawing its request for a hearing and stating that it understood the hearing would be cancelled. Accordingly, ATF cancelled the hearing, following which, on November 3, 2011, pursuant to 18 U.S.C. § 923(f) and 27 C.F.R. § 478.73(b), it issued a final notice to Mountaineer revoking its license effective December 5, 2011. Although no hearing had been held, due to a clerical error, ATF's final notice indicated that a hearing had occurred.[1] On November 30, 2011, Mountaineer requested that ATF stay the effective date of its revocation to allow it to liquidate its remaining inventory. ATF granted the stay and informed Mountaineer that the extension would expire on January 5, 2012.

Subsequent to all of this, Mountaineer retained new counsel who, on December 14, 2011, filed this action for judicial review of

---

[1] The final notice, ATF Form 5300.13, is required whether a hearing is conducted or not. The form contains two boxes to be checked, based upon the circumstances of the revocation. Box (1) indicates that revocation is pursuant to findings at a hearing, and Box (2) indicates that no hearing was conducted. In this case, Box (1) was erroneously checked. See Dkt. No. 12-2 at GX-7.

**MEMORANDUM OPINION AND ORDER**

ATF's decision pursuant to 18 U.S.C. § 923(f)(3). On January 2, 2012, Mountaineer filed the instant motion to stay the revocation of its license or, in the alternative, for a preliminary injunction. On January 4, 2012, ATF agreed to extend the stay until January 23, 2012 in order to allow the parties to litigate the petitioner's motion. On January 13, 2012, ATF responded to Mountaineer's motion by moving, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the petition for lack of subject matter jurisdiction.

## II.

As it must, the Court turns first to whether it has jurisdiction over this matter. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may bring a motion to dismiss for lack of subject matter jurisdiction. Once a defendant files such a motion, the plaintiff has the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant a Rule 12(b)(1) motion to dismiss only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. Moreover, in ruling on a motion to dismiss for lack of subject matter jurisdiction, a

court may consider evidence outside the pleadings without converting the motion to one for summary judgment. Id.

**A.**

ATF argues that the Court lacks subject matter jurisdiction because, by cancelling its requested administrative hearing, Mountaineer failed to exhaust its administrative remedies before seeking judicial review. The jurisdictional basis for judicial review in this case is found at 18 U.S.C. § 923(f)(3), which provides, in pertinent part:

> If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation.

Section 923(f)(3) thus requires Mountaineer to have exhausted the administrative remedies available through the ATF before pursuing judicial review. Our Court of Appeals has affirmed such a requirement:

> It is a long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. In other words, where relief is available from an administrative agency, the plaintiff

> is ordinarily required to pursue that avenue of redress
> before proceeding to the courts; and until that recourse
> is exhausted, suit is premature and must be dismissed.

<u>Cavalier Tel., LLC v. Virginia Elec. and Power Co.</u>, 303 F.3d 316, 322 (4th Cir. 2002) (internal citations omitted). The exhaustion requirement both permits an agency the opportunity to use its discretion and expertise to resolve a dispute without premature judicial intervention and also offers the courts the benefit of an agency's talents through a fully developed administrative record. <u>Id.</u>

**B.**

The key question in this case is what § 923(f)(3) required of Mountaineer in order to exhaust its administrative remedies and to trigger its right to judicial review. ATF argues that judicial review is available only after a hearing is held pursuant to § 923(f)(2). Mountaineer contends that it is not the hearing, but rather the receipt of the final notice of revocation, that triggers the right to judicial review.

Mountaineer first argues that the plain language of § 923(f)(3) only requires a licensee to receive a final notice from ATF before seeking judicial review. When read in its entirety, however, § 923(f)(3) clearly requires a hearing as a prerequisite

to filing a petition in the district court. Although Mountaineer invites the Court to read in isolation the sentence that permits a licensee to seek review "any time within sixty days after the date the notice was given," this sentence has no meaning if not read in the context of the preceding sentence, which requires ATF to give such notice after a hearing is held. See Shoney's v. Schoenbaum, 894 F.2d 92, 95 (4th Cir. 1990).

Mountaineer next argues that Congress could not have intended § 923(f)(3) to require an administrative hearing because such a hearing would have been "meaningless." Citing the informal nature of the hearing, Mountaineer contends that it would have fallen short of affording Mountaineer due process and thus cannot be considered an administrative remedy.

This argument fails. Although the adequacy of an administrative hearing might be considered upon judicial review of the merits of Mountaineer's claim, that possibility does not preemptively excuse Mountaineer from complying with the express requirements of § 923(f)(3). The function of administrative review is to "allow an agency the opportunity to use its discretion and expertise to resolve a dispute without premature judicial intervention." Cavalier, 303 F.3d at 322. Only after this

administrative review may a court address the merits of that hearing. To afford Mountaineer judicial review after it rejected the opportunity to proceed with an administrative hearing would render the statutorily required agency hearing process meaningless and would invite licensees to bypass that process altogether.

Finally, Mountaineer argues that, because the final notice of revocation incorrectly indicated that a hearing had been held, it could rely upon the notice as confirmation that it had exhausted its administrative remedies. This argument also fails. Mountaineer had actual notice that no hearing had been conducted, as evidenced by its own letter withdrawing its earlier request for the hearing and its acknowledgment that the hearing would be cancelled. (Dkt. No. 12-2 at GX-6). The petitioner may not now argue that it relied upon ATF's clerical error as evidence that a hearing had been conducted.[2]

Accordingly, the Court finds that Mountaineer failed to exhaust its administrative remedies as required by 18 U.S.C. § 923(f)(3) prior to seeking judicial review. Therefore, the Court

---

[2] Although not raised expressly in Mountaineer's briefs, an argument premised upon the doctrine of equitable estoppel would also fail. Our Court of Appeals has stated that this doctrine is rarely invoked against the government and is particularly disfavored when, as here, a party has taken affirmative action that belies any reasonable reliance. See United States v. Agubata, 60 F.3d 1081, 1083 (4th Cir. 1995).

lacks subject matter jurisdiction and **GRANTS** the respondent's motion to dismiss the petition.

### III.

Alternatively, even if the Court were to find that it has subject matter jurisdiction over this case, it would deny Mountaineer's motion for a declaration that the revocation is stayed pending judicial review or, in the alternative, for a preliminary injunction.

### A.

Mountaineer first moves for a declaration that the revocation of its license is stayed pending the Court's review of ATF's decision. Specifically, Mountaineer argues that 18 U.S.C. § 923(f)(2) requires a mandatory stay while judicial review is pending and that 27 C.F.R. § 478.78, which grants ATF the discretion to grant or deny such a stay, exceeds statutory authority and is void.

### 1.

As codified at § 923(f)(2), a mandatory stay is required during the administrative review process:

> If the Attorney General denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his

9

denial or revocation. In the case of a revocation of a license, the Attorney General shall upon the request of the holder of the license stay the effective date of revocation.

The procedures for seeking judicial review, however, are laid out in § 923(f)(3), which makes no reference to a stay. Instead, the possibility for a stay pending judicial review appears at 27 C.F.R. § 478.78, which provides, in pertinent part:

> If a licensee is dissatisfied with a posthearing decision revoking or suspending the license . . . he may, pursuant to 18 U.S.C. 923(f)(3), within 60 days after receipt of the final notice denying the application or revoking or suspending the license or imposing a civil fine, file a petition for judicial review of such action. . . . In such case, when the Director finds that justice so requires, he may postpone the effective date of suspension or revocation of a license or authorize continued operations under the expired license, as applicable, pending judicial review.

In this case, ATF exercised its discretion under § 478.78 to stay the revocation of Mountaineer's licence, first on November 30, 2011 and again on January 4, 2012. Because that stay expired on January 23, 2012, however, Mountaineer moved for a declaration that the stay is required pending judicial review.

### 2.

Although § 478.78 allows ATF the discretion to deny any further extensions of the stay, Mountaineer argues that this regulation is void because Congress did not specifically delegate

10

this discretionary authority to ATF in either §§ 923(e) or (f). Further, the petitioner contends that § 923(f)(2) requires a mandatory stay while judicial review is pending because subsection (f)(3) does not expressly authorize termination of the stay imposed by subsection (f)(2). Finally, Mountaineer argues that, in light of § 925(b), which imposes a mandatory stay of revocation pending criminal prosecution, Congress must have intended to afford similar protection to a licensee facing only civil violations under § 923.

The Court disagrees with Mountaineer's interpretation of the statutory scheme. The stay imposed by § 923(f)(2) applies only during the administrative hearing process and does not require a stay now, after ATF has already issued its final notice of revocation. A plain reading of § 923(f) establishes that the statute describes the review process in chronological order, with subsection (1) detailing a licensee's right to notice of the initial revocation decision, subsection (2) explaining a licensee's entitlement to an administrative hearing, and subsection (3) describing a licensee's rights to final notice following administrative review and to judicial review of that decision. Read in this manner, the stay imposed by subsection (2), during administrative review, is not imposed by subsection (3), which

contains no similar provision regarding a stay. See Garner v. Lambert, 530 F. Supp. 2d 953, 955 (N.D. Ohio 2007). Therefore, the Court rejects Mountaineer's assertion that the statute requires a stay of revocation pending judicial review.

Furthermore, the Court finds that 27 C.F.R. § 478.78 does not exceed statutory authority by granting ATF the discretion to impose a stay while judicial review is pending. 18 U.S.C. § 926 grants the Attorney General the discretion to prescribe such regulations necessary to carry out the provisions of the statute. Because § 923(f)(3) allows for the possibility, but not the requirement, of a stay pending judicial review, the discretionary authority granted under § 478.78 is valid. See RSM, Inc. v. Herbert, No. WMN-05-847, 2006 WL 5376120, at *2-3 (D. Md. Mar. 15, 2006). Accordingly, the Court **DENIES** the petitioner's motion for a declaration that the revocation is stayed pending judicial review.

### B.

In the alternative, Mountaineer seeks a preliminary injunction permitting it to continue operations pending judicial review. To obtain a preliminary injunction, the plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (quoting Winter v. Nat'l Res. Def. Council, 129 S. Ct. 365, 364 (2008)). The petitioner bears the burden of satisfying each of these four requirements with a "clear showing" that it is entitled to such extraordinary relief. Id. at 346.

**1.**

Mountaineer must first demonstrate that it would be likely to succeed on the merits should its case proceed. Specifically, Mountaineer must show that ATF erred in finding that Mountaineer willfully failed to disclose material information on its FFL application, and in revoking its license pursuant to 18 U.S.C. § 923(f)(d)(1).

Section 923(d)(1) provides, in pertinent part, that any application shall be approved if:

> (B) the applicant (including, in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership or association) is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under section 922(g) and (n) of this chapter;

(C) the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder;

(D) the applicant has not willfully failed to disclose any material information required, or has not made any false statement as to any material fact, in connection with this application;

Here, the ATF investigator concluded that, in violation of subsection (D), Mountaineer had willfully failed to disclose material information, specifically that Teresa Walsh was a responsible person with respect to firearms.

**(i)**

In bold print, the application emphasizes that "each responsible person must complete all information," and its attached instructions expressly explain that a "responsible person" is "any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of the corporation, partnership, or association, as they pertain to firearms." (Dkt. No. 12-2 at GX-11). Mountaineer listed only Mark Walsh on the application.

After conducting his compliance inspection of Mountaineer, ATF's investigator concluded that Teresa Walsh is also an owner and responsible person, as those terms pertain to firearms. In reaching this conclusion, he noted that Teresa Walsh formerly held her own

FFL and ran her own business, but that her license was revoked on April 3, 2006. Mark Walsh initially denied knowledge of this revocation, but later admitted it to the ATF investigator. Additionally, when Mountaineer started business in 2008, 91% of its firearms inventory (379 firearms) came from Teresa Walsh's former inventory. Furthermore, the ATF investigation uncovered several indications that Teresa Walsh was often responsible for the operations of Mountaineer's firearms business. Mark Walsh works full-time in an unrelated industry, his name does not appear on any of the 319 gun-sale forms examined during the inspection, and Teresa Walsh runs the Mountaineer store whenever he is away. Finally, although Teresa Walsh identified herself as a "clerk" on ATF forms, she hires and fires employees, who refer to her as the "owner," and holds check signing authority.

Given these findings, the Court agrees with the ATF investigator's conclusions that Mountaineer was using Mark Walsh as a strawman applicant, and that Teresa Walsh played a significant role in the business. Therefore, ATF likely did not err in concluding that Mountaineer's failure to disclose Teresa Walsh as a "responsible person" was a willful violation of § 923(d)(1)(D).

**(ii)**

Mountaineer argues further that, even if Teresa Walsh were a responsible person, omitting her from the application was immaterial because there is no statutory basis for denying an application that does not list a "responsible person." While conceding that the application, ATF Form 7, requires this disclosure, Mountaineer argues that this requirement exceeds statutory authority.[3] The Court rejects this argument. As noted earlier, Congress granted ATF the authority to prescribe such regulations necessary to carry out the provisions of the statute. 18 U.S.C. § 926. The application's requirement to list all owners

---

[3] Mountaineer argues that Congress intended the distinction in phrasing between § 923(d)(1)(B), which expressly includes the term "responsible person" and (C), which does not. Mountaineer asserts that this difference is important because subsection (B) states that an applicant or responsible person will be denied if he is "prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce," whereas subsection (C) only states that an applicant will be denied if he has a prior willful violation. (emphasis added). Because Teresa Walsh is not prohibited from transporting, shipping, or receiving firearms, Mountaineer argues that subsection (B) would not have prevented her from being approved as an applicant, even if she were a responsible person.

The Court declines to offer an advisory opinion on the hypothetical that Mountaineer presents. Had Mountaineer listed Teresa Walsh on the ATF Form 7 and had ATF then denied the application, only then would it be proper for this Court to review whether denial under subsections (B) or (C) had been proper. Mountaineer did not list Teresa Walsh on its application, however, and ATF made no such finding. Accordingly, that question is not ripe for review.

and responsible persons falls within that authority because it is a proper exercise of ATF's discretion to determine that such information is "material" to its review of a prospective licensee. Mountaineer's failure to adhere to this requirement, therefore, constituted a willful violation under § 923(d)(1)(D). To hold otherwise would undermine the intent of the statute to ensure that people responsible for the sale and transportation of firearms are trustworthy and not known violators of firearms laws and regulations.

Accordingly, the Court finds that ATF likely did not err in revoking Mountaineer's FFL and that Mountaineer has failed to make a clear showing that it would succeed on the merits. Consequently, Mountaineer cannot satisfy all four requirements outlined in <u>Real Truth About Obama</u>, and the Court **DENIES** its motion for a preliminary injunction.

**IV.**

For the reasons stated, the Court:

1. **GRANTS** ATF's motion to dismiss Mountaineer's petition (dkt. no. 12);

2. **DENIES** Mountaineer's motion to stay the revocation or, in the alternative, for a preliminary injunction (dkt. no. 9);

3. **DENIES AS MOOT** Mountaineer's motion to amend its complaint (dkt. no. 8); and

4. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: January 23, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE